UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MARALAGO CAY HOMEOWNERS
ASSOCIATION, INC., f/k/a ARROWHEAD
MOBILE HOMEOWNERS ASSOCIATION,
INC., on behalf of themselves, the class of current
and former mobile homeowners in the Park
and all others similarly situated,

        Plaintiff,

                                                                            Case No.:

v.

MHC OPERATING LIMITED PARTNERSHIP,
EQUITY LIFESTYLE PROPERTIES, INC.,
MHC MARALAGO CAY, LLC, ERIC ZIMMERMAN,
STANLEY MARTIN, SYDNEY MORRIS, RENE SCOTT,
BEVERLY SAGEHORN, BERTHA RODRIGUEZ,
MILAGROS RIVERA, FLORIDA MANUFACTURED
HOUSING ASSOCIATION, INC., J. ALLEN BOBO,
and LUTZ, BOBO & TELFAIR, P.A., d/b/a LUTZ, BOBO,
TELFAIR, EASTMAN & BOBO, f/k/a LUTZ, WEBB
& BOBO, P.A.,

        Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, MHC Operating Limited Partnership, Equity Lifestyle Properties, Inc., MHC Maralago Cay, LLC, Eric Zimmerman, Milagros Rivera and Rene Scott (the "**Removing Defendants**"),[1] hereby remove the above-styled cause to the United States District Court for the Southern District of Florida, West Palm Beach Division, and respectfully show:

---

[1] On information and belief, none of the other named Defendants have yet been served with process in this action.

## Background

The following background is relevant.

### The Instant Action

1. On October 12, 2020, Plaintiff, Maralago Cay Homeowners Association, Inc., *f/k/a* Arrowhead Mobile Homeowners Association, Inc. (the "**HOA**"), on behalf of itself and a putative class of current and former mobile homeowners, commenced this action in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, styled *MARALAGO CAY HOMEOWNERS ASSOCIATION, INC. v. MHC OPERATING LIMITED PARTNERSHIP, et. al.*, Case Number 2020-CA-011040 (the "**Instant Action**"). A copy of the complaint filed in the Instant Action is attached hereto as Exhibit "A."

2. The HOA is the statutory homeowners association for Maralago Cay Mobile Home Park in Palm Beach County, Florida.

3. The putative class consists of "more than 1,000 current and former mobile homeowners in the Maralago Cay Mobile Home Park…." (Ex. A at p. 3).

### The Prior Action

4. On November 11, 2019, the HOA – joined by four homeowners at the Maralago Cay Mobile Home Park – asserted in this Count the same and similar claims now brought in the Instant Action, styled *DRUMMOND, et. al v. ZIMMERMAN, et. al*, Case Number 9:19-cv-81532 (the "**Prior Action**"). A copy of the complaint in the Prior Action is attached hereto as Exhibit "B."

5. In the Prior Action, plaintiff asserted, *inter alia*, four RICO claims (Counts I-IV) and an ADA claim (Count VI).

2

6. On April 4, 2020, the Honorable Raag Singhal dismissed the ADA claim against all Defendants, and all claims against Defendants J. Allen Bobo and Lutz, Bobo & Telfair, P.A., *with prejudice*. *Drummond v. Zimmerman*, 454 F.Supp.3d 1210, 1222 (S.D. Fla. 2020).

7. On June 5, 2020, plaintiff voluntarily dismissed the balance of their claims.

8. The only matter currently left for consideration in the Prior Action is the amount of attorneys' fees to be awarded to Defendants (the Court has already found defendants are entitled to attorneys' fees for the defense of the Prior Action). That matter is fully briefed and currently under advisement.

9. The claims asserted in the Instant Action are the same and similar to those in the Prior Action, and are based on the same common nucleus of facts.

### Citizenship of Parties in the Instant Action

10. The HOA is a Florida not-for-profit corporation, with its principal place of business in Lantana, Florida. (Ex. 1 at ¶ 4). For diversity purposes, it is a citizen of the State of Florida.

11. The putative class includes current and former mobile homeowners in the Maralago Cay Park. The citizenship of these individuals is unknown at this time.

12. Defendant, MHC Operating Limited Partnership, is an Illinois limited partnership, with one general partner – Defendant Equity Lifestyles Properties, Inc. As described below, ELS is a citizen of Illinois for diversity purposes and, consequently MHC Operating Limited Partnership is a citizen of the State of Illinois for diversity purposes.

13. Defendant, Equity Lifestyles Properties, Inc. ("**ELS**"), is a Maryland corporation with its principal place of business in Illinois. For diversity purposes, it is a citizen of both the State of Illinois and Maryland.

14. MHC Maralago Cay, LLC is a Delaware limited liability company. Its sole member is MHC Operating Limited Partnership which, as addressed above, is a citizen of the State of Illinois. Consequently, MHC Maralago Cay, LLC is a citizen of the State of Illinois for purposes of diversity purposes.

15. MHC Operating Limited Partnership, ELS and MHC Maralago Cay, LLC are primary defendants in this matter.

16. The other Removing Defendants are Florida citizens.

### Timeliness of Removal

17. MHC Operating Limited Partnership, ELS and MHC Maralago Cay, LLC were served with the complaint in the Instant Action on December 21, 2020. The other Removing Defendants were served after that date.

18. The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 § U.S.C. 1446(b)(1); *Florida Health Scis. Ctr., Inc. v. Gov't Employees Ins. Co.*, 8:17-CV-339-T-36AAS, 2017 WL 3720880, at *3 (M.D. Fla. Aug. 7, 2017). This Notice of Removal is filed within 30 days of December 21, 2020 in compliance with 28 U.S.C. § 1446(b).

**Bases for Removal**

19. Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

20. Count II of the complaint in the Instant Action asserts a claim under the ADA, 42 U.S.C. § 12101, *et seq.* Accordingly, this Court has original jurisdiction over the ADA claim. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claim (Count I) pursuant to 28 U.S.C. § 1367, and this entire Instant Action is removable under 28 U.S.C. § 1441(a).

21. Separately and independently, this Court also has original jurisdiction over the Instant Action under the Class Action Fairness Act of 2005 ("**CAFA**"), 28 U.S.C. § 1332(d), and the Instant Action is removable to this Court under both 28 U.S.C. §§ 1441 and 1453.

22. CAFA provides the federal district courts with original jurisdiction to hear a case if the putative class has more than 100 members, the parties are minimally diverse, and the "matter in controversy exceeds the sum or value of $5,000,000." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)).

23. The Instant Action falls within the jurisdictional confines of CAFA.

24. A "class action" under 28 U.S.C. § 1332(d)(1)(B) is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." The Instant Action is a class action within this definition.

25. CAFA also instills a minimal diversity threshold requirement. That is, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.

§ 1332(d)(2)(A). Here, primary defendants ELS, MHC Maralago Cay, LLC and MHC Operating Limited Partnership are citizens of Illinois, a different citizenship than that of the HOA. Thus, the Instant Action meets the minimal diversity threshold.

26. CAFA next mandates that the purported class contain at least 100 members for jurisdiction to exist. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). Here, Plaintiff claims the putative class consists of more than 1,000 current and former mobile homeowners. As such, the Instant Action meets the numerosity requirement of CAFA.

27. Finally, CAFA mandates that the amount in controversy exceed $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). Here, the HOA seeks compensatory damages equal to the alleged amount of increased lot rentals, exemplary and trebled damages under the Florida Antitrust Act, injunctive relief ordering Defendants to make substantial modifications to the Park, attorneys' fees, and costs. (Ex. 1 at pp. 28, 33). In the aggregate, the value of the amount Plaintiff has attempted to put in controversy plausibly exceeds $5,000,000. As such, the State Action satisfies the amount in controversy requirement of CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (Notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

28. Accordingly, this Court has jurisdiction over the Instant Action pursuant to CAFA and 28 U.S.C. § 1332(d).

### This Court is the Proper Venue for the Instant Action

29. Defendants seek removal to the Southern District of Florida, West Palm Beach Division, the District in which the action is now pending. 28 U.S.C. § 1441(a).

30. This Notice of Removal is filed in compliance with 28 U.S.C. § 1446(b).

31. A written notice of filing this Notice of Removal will be provided to the attorney for Plaintiff.

32. A copy of this Notice of Removal will be filed with the Clerk of Court for the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida as required by 28 U.S.C. § 1446(d).

33. Pursuant to Local Rule 7.2, in addition to the Complaint, contemporaneously with the filing of this notice, copies of all other pleadings, orders, other papers, or exhibits on file in the State Action have also been filed.[2] No motions are pending in the Instant Action.

34. As such, the Court has supplemental jurisdiction over Count I.

## CONCLUSION

Defendants remove this action and respectfully request for it to proceed in this Court.

                                          *s/ Ali V. Mirghahari*
                                          Mahlon Barlow
                                          Florida Bar No. 871117
                                          mbarlow@sbwlegal.com
                                          mhbassistant@sbwlegal.com
                                          Ali V. Mirghahari
                                          Florida Bar No. 1003493
                                          amirghahari@sbwlegal.com
                                          avmassistant@sbwlegal.com
                                          SIVYER BARLOW & WATSON, P.A.
                                          401 E. Jackson Street, Suite 2225
                                          Tampa, FL 33602
                                          Main: (813) 221-4242
                                          *Co-Counsel for all Defendants*

                                          and

                                          J. Allen Bobo
                                          Florida Bar No. 0356980

---

[2] The defendants were unable to access the Summonses as they were not yet available.

7

        Jody B. Gabel
        Florida Bar No. 0008524
        LUTZ, BOBO & TELFAIR, P.A.
        2 North Tamiami Trail, Suite 500
        Sarasota, FL  34236-5575
        Telephone:  941-951-1800
        Toll free:  877-951-1800
        Facsimile:  941-366-1603
        Email:  jabobo@lutzbobo.com
        Email:  jbgabel@lutzbobo.com
        *Co-Counsel for all Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, and a copy was sent via e-mail to:

Daniel W. Perry, Esq.
4767 New Broad Street, Ste. 1007
Orlando, FL 32814-6405
dan@danielperry.com
*Counsel for Plaintiff*

        *s/ Ali V. Mirghahari*
        Attorney

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Maralago Cay Homeowners Association, Inc., fka Arrowhead Mobile Homeowners Association, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Palm Beach**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel W. Perry, Esq., 4767 New Broad St., Ste. 1007, Orlando, FL  32814, (407) 894-9003

## DEFENDANTS
MHC Operating Limited Partnership, Equity Lifestyles Properties, Inc., MHC Maralago Cay, LLC, et al.

County of Residence of First Listed Defendant: **Cook**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Mahlon H. Barlow and Ali V. Mirghahari, Sivyer Barlow & Watson, 401 E. Jackson, #2225, Tampa, FL (813) 221-4242

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [x] 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1441(a) and 1332(d), Class Action Fairness Act, 42 U.S.C. § 12101
Brief description of cause:
Florida AntiTrust Act and ADA claims

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $  5,000,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Hon. Raag Singhal
DOCKET NUMBER: 9:19-cv-81532

DATE: January 11, 2021
SIGNATURE OF ATTORNEY OF RECORD: s/ Ali V. Mirghahari

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.