**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 21-80049-CV-MIDDLEBROOKS/Matthewman

MARALAGO CAY HOMEOWNERS
ASSOCIATION, INC.,

      Plaintiff,

v.

MHC OPERATING LIMITED
PARTNERSHIP, et al.,

      Defendants.

_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

THIS CAUSE comes before the Court upon Defendants' Motion for Award of Attorney's Fees and Costs ("Motion"), filed on October 26, 2021. (DE 77). Plaintiff responded on December 20, 2021,[1] and Defendants replied on December 27, 2021. (DE 83-1; DE 84) For the following reasons, the Motion is granted in part.

On October 5, 2021, I granted Defendants Motion for Summary Judgment (DE 75), and on October 12, 2021, I entered Final Judgment in Defendants' favor. (DE 76). This Motion followed. (DE 77). I will first assess Defendants' entitlement to attorneys' fees before turning to the question of reasonableness.

---

[1] Plaintiff filed this response on December 20, 2021, therein representing that counsel thought he timely filed this response on November 19, 2021. (DE 83). A review of the metadata confirms the file creation date of November 19, 2021, and I thus credit counsel's representation that he thought he had timely filed this response on that date.

### A.      Entitlement to Attorneys' Fees

Defendants claim entitlement to attorneys' fees based on three substantive grounds, only one of which Plaintiff challenged—fees under the Florida Antitrust Act ("FAA"). The FAA contains a prevailing party provision:

> The court shall award a reasonable attorney's fee to a defendant prevailing in any action under this chapter for damages or equitable relief in which the court finds there was a complete absence of a justiciable issue of either law or fact raised by the plaintiff.

Fla. Stat. § 542.22. The operative question is thus what constitutes a "complete absence of justiciable issue or either law or fact," which is left undefined by statute. Florida courts have interpreted this to require that the claim is frivolous. *Muckenfuss v. Deltona Corp.*, 508 So. 2d 340, 341 (Fla. 1987) (noting that where a statute contains the above-quoted fee provision, the court must find "a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous . . . and so clearly devoid of merit both on the facts and the law as to be completely untenable."). Noting the difficulty in defining "frivolous," and upon a review of the case law, the Third District Court of Appeals determined that "Florida case law reveals there are established guidelines for determining when an action is frivolous," including cases found:

> (a) to be completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (b) to be contradicted by overwhelming evidence; (c) as having been undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (c) as asserting material factual statements that are false.

*Visoly v. Sec'y Pac. Credit Corp.*, 768 So. 2d 482, 491 (Fla. 3rd DCA 2000). Merely losing on a dispositive motion is not enough; the lawsuit must have been frivolous at its inception. *Murphy v. WISU Props., Ltd.*, 895 So.2d 1088, 1094 (Fla. 3rd DCA 2004); *Schwartz v. W-K Partners*, 530 So.2d 456, 457 (Fla. 5th DCA 1988).

Plaintiff argues that an award of fees is not appropriate because Plaintiff was pursuing a novel legal theory. However, Plaintiff's "novel" antitrust theory was actually a recycled theory brought under the Florida Mobile Home Act ("FMHA"), RICO, the Florida Deceptive and Unfair Trade Practices Act, the American with Disabilities Act, and additional claims for race and national origin discrimination and exploitation of individuals over the age of 65.

As detailed in my Order Granting Summary Judgment, Plaintiff previously brought an action against these same Defendants in this same court alleging the same factual allegations under different statutes. (DE 75 at 6). That action, *Drummond v. Zimmerman*, 19-CV-81532-AHS, referred to as "Maralago I," was pending before Judge Singhal. (*Id.*). On a motion to dismiss, Judge Singhal dismissed all claims against some of the Defendants with prejudice and dismissed the entire complaint as a shotgun pleading as to the remaining Defendants. (*Id.* at 10); *Drummond*, 454 F. Supp. 1210 (S.D. Fla. 2020). Judge Singhal further ruled on Defendants' failure to state a claim arguments, dismissing some claims with prejudice and some without prejudice and with leave to amend. (DE 75 at 11); *Drummond*, 454 F. Supp. at 1222. After receiving this adverse ruling from Judge Singhal, Plaintiff chose to dismiss that action in May 2020, instead of filing an amended complaint, and, in October 2020, it filed the instant action in state court taking substantively the same complaint and tweaking it to bring what Plaintiff now characterizes as this "novel" antitrust theory.

Unlike the non-binding district court case to which Plaintiff cites, *JES Properties Inc. v. USA Equestrian, Inc.*, Plaintiff here did not pursue a "novel legal argument[]" or engage in "creative advocacy." *See* 432 F. Supp. 2d 1283, 1290 (M.D. Fla. 2006). Plaintiff refiled substantively the same underlying claim previously brought and dismissed. A comparison of the complaints reveals a near total overlap. (*See* DE 75 at 8–9 for an overview of the key overlaps).

The rote repurposing of a complaint originally brought under a host of other statutes into one which purports to state antitrust claims seems haphazard and careless, not the work of lawyers who are engaging in a thoughtful effort to craft novel legal theories of antitrust violations.

For example, the alleged antitrust misconduct included the frustration of Plaintiff's statutory right of first refusal to purchase the Park over a decade ago, the concealment of contaminated water in the Park, and the elimination of services, none of which seem to pertain to antitrust. (*See id.* at 8). Additionally, many of the purported antitrust allegations in this action were in fact allegations of fraud or other legal claims brought in Maralago I. (*E.g., compare* DE 1-1 ¶ 37 ("[the Defendants] *extorted* [Plaintiff] to adopt an illegal standardized lot rental agreement"), *with* DE 55-2, Maralago I Compl. ¶ 39 ("[the Defendants] *fraudulently compelled* [Plaintiff] to execute an illegal long term rental agreement")). Further, in several areas of the Complaint, Plaintiff claims that the conduct alleged violates the FMHA, despite not bringing an FMHA claim in *this* action, and despite that Judge Singhal dismissed the FMHA claim premised on these very allegations (with prejudice as to some Defendants). (*See* DE 1-1 ¶¶ 26–34, 37–43; DE 55-1 ¶¶ 28– 36, 51–59). The recycling of a complaint brought under the FMHA and RICO, among other statutes, and adding some allegations relating to antitrust that had no factual basis demonstrates that the antitrust claims in this action lacked merit from the outset, despite that it took until summary judgment to dispose of the claims on the merits.

Plaintiff's failure to substantively respond to the dispositive motions filed by Defendants further confirms the frivolous nature of this lawsuit from its inception. In response to Defendants' Motion to Dismiss, Plaintiffs failed to meaningfully respond to several legal issues raised by Defendant and I noted in my Order that I strongly considered granting the motion based on Plaintiff's deficient briefing. (DE 45 at 2–3). In response to Defendants' Motion for Summary

Judgment, Plaintiff wholly ignored the second of two antitrust claims brought, the monopolization claim. (*See generally* DE 61; DE 75 at 18–20). It offered not one sentence of argument as to why judgment should not be granted for Defendants. As to the restraint of trade claim, the only argument Plaintiff made, which comprised less than one page, was premised on law that had been squarely overruled. (DE 61 at 5–6; DE 75 at 15 n.11).

Even in its four-page response to this Motion (of which only two pages contain argument), Plaintiff fails to substantively rebut Defendants' argument as to their entitlement to fees under the FAA. Tellingly, Plaintiff block quotes two non-binding cases for the proposition that novel theories do not always give rise to sanctions, but does not attempt to explain why or how its complaint presented a "novel" antitrust theory with truly justifiable issues of law or fact. (*See* DE 83-1 at 1–2). Over the course of this lawsuit, whenever challenged, Plaintiff was either unable or unwilling to defend the legal positions it was taking. This underscores my conclusion now that Plaintiff's antitrust claims were baseless and frivolous from the outset. It very much appears that this lawsuit was brought to delay and prolong the feud in which these Parties have evidently been embroiled for years, if not decades. *See Visoly*, 768 So. 2d at 493 n.18 ("[I]t is no longer—if it ever was—acceptable for the judiciary to act simply as a fight promoter, who supplies an arena in which parties may fight it out on unseemly terms of their own choosing . . . ."). I therefore conclude that there is a "complete absence of justiciable issue or either law or fact" such that Defendants are entitled to fees under the FAA.[2]

---

[2] Defendants make two additional arguments as to its entitlement to attorneys' fees, neither of which Plaintiff contests in its response. Since I conclude that Defendants are entitled to attorneys' fees under the FAA, I need not address these additional grounds.

**B.** **Reasonableness of Attorneys' Fees**

Defendants seek a total of $280,130 ($132,165 for the Sivyer, Barlow & Watson ("SBW")

attorneys and $147,965.00 for the Lutz-Bobo Firm), to which Plaintiff did not object in response.

"The starting point for determining the amount of a 'reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Bivins v. Wrap It*

*Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433

(1983)). That "lodestar" may be adjusted after considering other factors. *See id.* (citations omitted).

Under this method, the Court must determine whether the fee applicant has satisfied the burden of

establishing that the requested hourly rate is reasonable. "A reasonable hourly rate is the prevailing

market rate in the relevant legal community for similar services by lawyers of reasonably

comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836

F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). "Evidence of rates may be adduced through

direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.*

The hourly rates, for the SBW attorneys and Mr. Bobo are as follows:

| Role | Name | Rate per Hour | Number of Hours |
|------|------|---------------|-----------------|
| Attorney | J. Allen Bobo | $425 | 348.2 |
| | Mahlon H. Barlow | $450 | 9.5 |
| | | $460 | 272.9 |
| | Joel R. Mohorter | $350 | 5.4 |
| | Alicia Whiting-Bozich | $335 | 0.5 |
| | Ali V. Mirghahari | $275 | 4.0 |
| | | $300 | 20.8 |
| | Nicholas R. Consalvo | $250 | 13.4 |
| Law Clerk | Matt Giovenco | $170 | 14 |
| Paralegal | Chelsea Scheetz | $160 | 8.4 |
| | Marie Burchardt | $150 | 3.8 |

In light of counsel's experience and the prevailing market rates, I find that the proposed hourly

rates listed above for all of the attorneys are reasonable based upon the facts and circumstances of

this case. As to the law clerk and two paralegals, Defendants do not provide a description of their

experience. Fee motions must provide "the identity, experience, and qualifications for each timekeeper for whom fees are sought[.]" S.D. Fla. L.R. 7.3(a)(5)(A). Based upon the foregoing considerations, I find the rate of $140 to be reasonable for the law clerk and $125 to be reasonable for the paralegals.

Turning to the number of hours, in determining the number of hours "reasonably expended," the Supreme Court requires fee applicants to exercise "billing judgment." *Hensley*, 461 U.S. at 434 (citations omitted). Therefore, attorneys "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* Upon review of the billing records, I conclude that the SBW attorneys exercised such judgment. The SBW attorneys wrote off 66.10 hours for activities such as travel and work on a motion ultimately not filed. That reduction is already reflected in the above table. Defendants additionally added a 10% overall reduction. After recalculating the total fee amount including the modified hourly rates for the law clerk and two paralegals, and adding the 10% reduction to that amount, I find that the total fee award for the SBW attorneys should be reduced to **$131,436.90**.

As to Mr. Bobo, I find that the billing records reflect some work that is duplicative of the work done by the SBW attorneys and some unnecessary and/or inadequately explained entries such as travel and phone conversations. I will therefore reduce his overall fee by 25%. After calculating that reduction, I find that Mr. Bobo's fee award should be reduced to **$110,973.75**. The total fee award is therefore **$242,410.65**.

C.    **Costs**

Defendants style this motion as including costs and request at the outset a cost award of $2,743.96. (DE 77 at 1). However, they offer no argument as to costs or any facts to support the

above figure and, in their request for relief, do not request an award of costs. (*Id.* at 16). I therefore decline to grant any award as to costs.

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendants' Motion for Award of Attorney's Fees and Costs (DE 77) is **GRANTED IN PART**.

(2) Defendants are **AWARDED** a total of **$242,410.65** in attorneys' fees.

(3) This award is entered in favor of Defendants and against Plaintiff.

**SIGNED** in Chambers at West Palm Beach, Florida, this 26th day of January, 2022.

Donald M. Middlebrooks
United States District Judge

cc:     Counsel of Record

8